UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MODDIE ERSKINE CANNON, RICHARD JOHNSON,    :
JIMMY HUMPHREY, JR., STEVEN ATTERBERRY,    :
RICHARD YOUMANS, DWAIN LANCE WILLIAMS,     :
JESUS NEGRON, and ROBERT LASALLE GIST, JR.,:
                                           :
                              Plaintiffs,  :
                                           :
                  -v-                      :
                                           :
                                           :
CITY OF NEW YORK[1] et al.,                :
                                           :
                              Defendants.  :
                                           :
------------------------------------------------------------------X

| | |
|---|---|
| 11 Civ. 8983 | 12 Civ. 3690 |
| 12 Civ. 2821 | 12 Civ. 3908 |
| 12 Civ. 3139 | 12 Civ. 6124 |
| 12 Civ. 3685 | 12 Civ. 6861 |

OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/27/13

PAUL A. ENGELMAYER, District Judge:

Before the Court is the January 29, 2013 Report and Recommendation of Magistrate

Judge James C. Francis IV, recommending that the Court dismiss plaintiffs' complaints for

failure to state a claim (the "Report"). For the reasons that follow, the Court adopts the Report in

full as to all plaintiffs.

I.    **Background**

The eight *pro se* plaintiffs identified above bring similar lawsuits pursuant to 42 U.S.C.

§ 1983 against the City of New York (the "City"), Correction Commissioner Dora B. Schriro,

Mayor Michael Bloomberg, Warden Luis Rivera, and/or Dr. Jean Richards of Corizon (a

correctional healthcare services provider). The plaintiffs, who were or are inmates or detainees

---

[1] Except for *Johnson*, No. 12 Civ. 2821, in which the City is not sued and the lead defendant is
instead Dora Schriro.

in the custody of the New York City Department of Correction on Rikers Island ("AMKC"),[2]

allege violations of their Eighth Amendment rights and seek injunctive relief as well as

compensatory and punitive damages. They primarily allege that they have not been provided

with proper beds—that is, that the beds are too short, too thin, or otherwise uncomfortable. *See*

Report 3–4 (summarizing claims).

The City has moved to dismiss the complaints pursuant to Federal Rule of Civil

Procedure 12(b)(6). *See, e.g.*, No. 11 Civ. 8983, Dkt. 22–24. Only one plaintiff, Williams,

opposed the motion to dismiss. See No. 12 Civ. 3908, at Dkt. 29 ("Williams Br.").[3] On January

29, 2013, Judge Francis issued the Report, recommending that the City's motion to dismiss the

complaints be granted. The deadline for the parties to file objections to the Report was February

14, 2013.

Two plaintiffs, Williams and Gist, filed objections to the Report. *See* No. 12 Civ. 3908,

at Dkt. 34 ("Williams Objections"); No. 12 Civ. 6861, at Dkt. 27 ("Gist Objections"). Williams

also subsequently filed an amended complaint. *See* No. 12 Civ. 3908, Dkt. 35 ("Williams Am.

Compl.").

On February 12, 2013, the City filed its objections on February 12, 2013. *See, e.g.*, No.

11 Civ. 8983, at Dkt. 31 ("City Objections").[4]

---

[2] Two cases, *Negron*, No. 12 Civ. 6124, and *Gist*, No. 12 Civ. 6861, were filed from state
correctional facilities.

[3] Williams also filed an opposition styled a motion for "Denial of Defendants motion to dismiss-
complaint" *before* the City had submitted its motion to dismiss. *See* No. 12 Civ. 3908, at Dkt.
17. The Court has considered this submission as well.

[4] Williams also, belatedly, filed a reply to defendants' objections, which the Court does not
consider. No. 12 Civ. 3908, at Dkt. 37.

## II.   Discussion

### A. Standard of Review

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE)(KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Where specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. *See Jones v. Smith*, No. 09 Civ. 6497 (PAE)(GAY), 2012 WL 1592190, at *1 (S.D.N.Y. May 7, 2012) (collecting cases). The Court is mindful that "*pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023(LTS)(JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (citing *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002)); *see also Vasquez v. Reynolds*, No. 00 Civ. 0862 (RMB)(KNF), 2002 WL 417183, at *5 (S.D.N.Y. Mar. 18, 2002) ("Where the petitioner is *pro se*, leniency is generally accorded." (citation omitted)). Nonetheless, to trigger *de novo* review, even a *pro se* party's objections to a Report and Recommendation must be "specific and clearly aimed at particular findings" in the magistrate judge's report. *Parlin Funds LLC v. Gilliams*, No. 11 Civ. 2534 (ALC)(MHD), 2012 WL 5258984, at *1 (S.D.N.Y. Oct. 23,

3

2012) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

### B. The Report

The Report recommends that all eight plaintiffs' complaints be dismissed. As to one plaintiff, Gist, Judge Francis recommends that the complaint be dismissed because Gist admitted in his complaint that he did not file a grievance. As to the other seven plaintiffs, Judge Francis concluded that, because they each claim to have filed grievances, their complaint should not be dismissed on the basis of non-exhaustion, but rather for failure to state a claim.

### C. The City's Objections

The City objects to the portion of the Report which declines to dismiss the complaints for failure to exhaust their administrative remedies. In particular, the City seeks dismissal on exhaustion grounds, rather than for failure to state a claim. Specifically, the City argues that because plaintiffs used form civil rights complaints which asked them to describe the steps they took to appeal an initial grievance, it is appropriate to dismiss those complaints that did not expressly state that they had reached, and been denied at, the highest level of administrative review. City Objections 2–4. That approach would result in all eight complaints being dismissed on exhaustion grounds.

The Court leaves undisturbed Judge Francis's ruling on this subject. In light of Judge Francis's convincing decision resolving this case based on plaintiffs' failure to state a claim, there is no need for this Court now to address this separate asserted deficiency (failure to exhaust administrative remedies) in plaintiffs' complaints which the defendants identify. On the contrary, the interest in judicial economy counsels against this Court's reaching this issue, particularly given that plaintiffs have not objected to Judge Francis's recommendation that the

4

case be dismissed on other grounds.  In the event, however, that any plaintiff files an amended

complaint, defendants are free, of course, to argue, *inter alia*, that those complaints have not

adequately pled exhaustion.  The City's objections should further serve to alert, or remind,

plaintiffs that exhaustion at the highest level of the grievance process is required.

In addition, the City argues that plaintiff Williams's claims must be dismissed because,

the City asserts, in his opposition to the City's motion to dismiss, he admitted his failure to

exhaust.  *See* City Objections 4–5.  Williams' opposition does not squarely so state.  The

opposition general refers to the difficulty Williams experienced in filing grievances:

"Conditions, and events prevent plaintiff from gathering pertinent information, and continuing

with local-remedies without the fear of reprisals, and sabotaging plaintiff[']s efforts."  Williams

Opp. 7–8.  Although this discussion certainly suggests that Williams has not exhausted his

remedies, elsewhere in his opposition, Williams twice expressly states that he "exhausted all

Local-remedies (Grievance, Medical-Complaint procedures, etc.) 'With No Relief.'"  *Id.* at 2–3

(emphasis in original).  Given the early stages of this litigation, that a pro plaintiff's complaint is

to be read with solicitude, *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (collecting

cases), and that a plaintiff is not required to affirmatively plead exhaustion, *Jones v. Bock*, 549

U.S. 199, 216 (2007) (holding that "failure to exhaust is an affirmative defense under the PLRA,

and that inmates are not required to specially plead or demonstrate exhaustion in their

complaints"), the Court declines to interpret Williams's statements as admitting his failure to

exhaust.

### D. Williams' Objections and Amended Complaint

Williams submitted timely objections to the Report.  However, he states that he "agree[s]

and accept[s] Judge Francis['s] opportunity to Amend Complaint that conforms to the

requirements set forth in Boyd." Williams Objections 1. Because Williams has already submitted an amended complaint, the Court accepts that complaint for filing and does not address Williams's objections.

### E. Gist's Objections

Gist also submitted timely objections to the Report. His objections, however, are too conclusory to trigger *de novo* review. Although the Court is mindful that Gist is proceeding *pro se*, his objections must still be "specific and clearly aimed at particular findings" in the Report. *Parlin Funds LLC* , 2012 WL 5258984, at *1. Gist merely recapitulates his original claims and does not address any of Judge Francis's conclusions. Importantly, he does not address the Report's finding that he did not exhaust his administrative remedies. Report 10–11. Accordingly, the Court adopts the Report in full as to Gist, and dismisses his claims with prejudice for failure to exhaust.

### F. Non-Objecting Plaintiffs

Because none of the remaining six plaintiffs here have submitted objections to the Report, a review for clear error is appropriate as to all other portions of the Report. Careful review of the Report reveals no facial error in its conclusions; the remainder of the Report is therefore adopted in its entirety. Because the Report explicitly states that "[f]ailure to file timely objections will preclude appellate review," Report 17, these plaintiffs failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

As to these six plaintiffs— Cannon, Johnson, Humphrey, Atterberry, Youmans, and Negron—the Court emphasizes that in adopting the Report, it is also adopting Judge Francis's recommendation that plaintiffs be granted permission to amend their complaints to state a claim,

6

if the facts so support, of an Eighth Amendment violation. *See* Report 15. To do so, a plaintiff must allege that "(1) he had a pre-existing medical condition requiring a special bed to protect against serious damage to his future health; (2) he made that medical condition known to the prison officials; (3) he requested a special bed to accommodate such medical condition; and (4) his request was denied by an 'official [who knew] of and disregard[ed] an excessive risk to [the plaintiff's] health or safety.'" *Howard v. City of New York*, No. 12 Civ. 4069 (PAE)(JCF), 2012 WL 7050623, at *9 (S.D.N.Y. Dec. 20, 2012) (quoting *Phelps v. Kapnolas*, 308 F.3d 180, 186 (2d Cir. 2002)) *report and recommendation adopted as modified*, 2013 WL 504164 (S.D.N.Y. Feb. 11, 2013). Plaintiffs may file, with the Pro Se Office, an amended complaint that plausibly makes out the elements of such a violation of the Constitution. Plaintiffs are advised that any such complaint, to be viable, must allege the elements of municipal liability or the personal involvement of the individual named defendant(s). The requirements to adequately plead such claims are set out in Judge Francis's Report. *See Howard*, 2012 WL 7050623, at *7–8.

In addition, two non-objecting plaintiffs' claims that are unrelated to the quality or size of plaintiffs' beds are dismissed: Atterberry's claim that he was not given enough living space is dismissed for failure to state a claim. Cannon's claim that he was denied medical attention is also dismissed for failure to state a claim.

## CONCLUSION

For the reasons stated herein, the Court adopts the Report in full as to all plaintiffs listed above.

Plaintiff Gist's complaint is dismissed with prejudice for failure to exhaust administrative remedies.

7

The Court accepts for filing Williams's amended complaint. Accordingly, the City's motion to dismiss as to Williams— No. 12 Civ. 3908, at Dkt. 24— is denied as moot. In addition, Williams's motion pending at Dkt. 17 in No. 12 Civ. 3908 is dismissed as moot. Defendants are directed to respond to Williams's amended complaint.

The other six plaintiffs' complaints are hereby dismissed with leave to file an amended complaint. The Clerk of Court is directed to terminate any motion to dismiss pending in the cases listed above, and to close all of the cases except No. 12 Civ. 3908. The cases may be reopened without prejudice if a plaintiff files an amended complaint within 45 days.

Finally, the Clerk of Court is respectfully directed to serve this Opinion and Order on each of the plaintiffs named in the caption at his address of record.


SO ORDERED.

Paul A. Engelmayer
Paul A. Engelmayer
United States District Judge


Dated: March 26, 2013
       New York, New York